IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JUSTIN A. SNEGIREV,

                    Plaintiff,

     v.

ROBERTS MARK, SNEGIREV AGAFIA,
AL BUSHEY, individually and in his official
capacity, MARION COUNTY CHILD
WELFARE DIVISION, Marion County and
the State of Oregon, (BOARD OF COUNTY
COMMISSIONERS), OREGON DEPARTMENT
OF HUMAN SERVICES, and STATE OF
OREGON,

                    Defendants.

03:10-cv-00762-AC

FINDINGS AND RECOMMENDATION

ACOSTA, Magistrate Judge:

*Pending Motions*

Justin A. Snegirev ("Snegirev"), appearing *pro se*, filed a Second Amended Complaint ("SAC") against the State of Oregon, by and through its Department of Human Services ("DHS"),

1 – FINDINGS AND RECOMMENDATION

(collectively "State"), Marion County and Marion County Board of Commissioners (collectively "Marion County") and certain named individuals, alleging "[a]ction under 42 U.S.C 14141, for Pattern and Practice; 42 U.S.C. § 1983 and claims under Oregon Tort Law, Common Law for Fraud, Abuse, [and] Negligence."[1] (Second Am. Compl. 1.) Snegirev alleges DHS violated his constitutional rights by providing him with medication to treat his psychological conditions, including attention deficit hyperactivity disorder ("ADHD"), depression and anxiety; and by placing him with foster parents who abused him.

Marion County moves to dismiss the SAC based upon Rule 12(b)(6) and contends Snegirev failed to provide "any factual allegations or legal theories" and thus dismissal is appropriate. (Marion County Defs.' Mem. Dismiss 2.)[2] The State and Al Bushey, named in his individual and

---

[1] The claims in the Second Amended Complaint, as alleged by Snegirev, are:

CLAIM-1 MARK ROBERTS AND AGAFIA SNEGIREV ARE LI[A]BLE UNDER 42.U.S.C. 1983; O.R.S. 12.110 AND O.R.S. 12.117 FOR CHILD ABUSE

CLAIM-2 AL BUSHEY AND MARION COUNTY CHILD WELFARE DIVISION ARE LIABLE UNDER 42 U.S.C. 1983 18 U.S.C. 241 AND 42 U.S.C. 1985 FOR CONSPIRING TO INTERFERE WITH PLAINTIFF FEDERAL[L]Y PROTECTED RIGHTS, VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT DUE PROCESS RIGHTS AND FEDERAL TORT CLAIMS FOR MISREPRESENTATION AND NONDISCLOSURE AS WELL AS NONACTION AND CONTRACT: RESCUE AND PROTECTION

CLAIM-3 THE STATE OF OREGON AND OREGON DEPARTMENT OF HUMAN SERVICES ARE LIABLE UNDER 42 U.S.C.14141 FOR PATTERN AND PRACTICE BECAUSE OREGON STATUTORY AND ADMINISTRATIVE PROVISIONS ARE UNCONSTITU[T]IONAL

(Second Am. Compl. at 9-10, 13.)

[2] In addition, Marion County also seek dismissal under Rule 12(b)(5) for insufficient service of process (Marion County Defs.' Mot. Dismiss 2), but provides no explanation or

2 – FINDINGS AND RECOMMENDATION

official capacity as Snegirev's social worker, move to dismiss Snegirev's SAC under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Specifically, the State and Bushey charge all of the § 1983 allegations in Snegirev's SAC are barred by the statute of limitations, except for one claim for violation of state administrative rules and that claim cannot provide a basis for a § 1983 claim; and all of the state tort claims are barred for failure to plead adequate notice under the Oregon Tort Claims Act.

Snegirev was provided ample opportunity by the court to file an opposition to these motions but has failed to do so.[3] Nevertheless, the court has carefully considered the arguments for dismissal on the merits. For the reasons that follow, Marion County's Motion to Dismiss should be granted, and the State and Bushey's Motion to Dismiss should be granted.

*Factual Background*

For purposes of this motion, the allegations in Snegirev's SAC are accepted as true and viewed in a light most favorable to him.

---

argument on this ground and, thus, it is deemed waived for purpose of the present motion.

[3]The State and Bushey filed a Motion to Dismiss (doc. #10) on October 14, 2010. Following a Rule 16 conference, in which Snegirev was present, the court extended the time for Snegirev to file a response until December 6, 2010 (doc. #17). On December 8, 2010, the court granted Snegirev's motion to extend the time for filing a response until December 13, 2010 (doc. #19). When no response was filed by that date, the court set an in-person status and scheduling conference for August 4, 2011 (doc. #25). At the August 4th conference, the court granted Snegirev's oral motion for leave to file an amended complaint. The court also allowed the State and Bushey seven days after the filing of the amended complaint to file a supplemental brief in support of the motion to dismiss. Snegirev was ordered to file his response to the motion to dismiss by September 9, 2011 (doc. #26). Snegirev filed his Second Amended Complaint on August 9, 2011, and the State and Bushey filed a supplement to the Motion to Dismiss within seven days, as ordered (doc. #35). Snegirev never filed a response and, on November 2, 2011, the court took the Motion to Dismiss under advisement.

3 – FINDINGS AND RECOMMENDATION

As an initial matter, the State requests the court take judicial notice Snegirev was born on August 21,1989. (Justin Kidd Aff. Ex. 1, Oct. 14 2010.) In April 1998, DHS removed Snegirev from his home and placed him with his aunt and uncle, Mark Roberts and Agafia Snegirev (collectively "Roberts"). (Second Am. Compl. 2-3.) Snegirev alleges he was "abused physically and emotionally by Mark Roberts." (Second Am. Compl. 3.) Specifically, Snegirev claims Roberts "would often carry [him] by the arm leaving bruises, punch him in the scrotum, shove him into walls and pick him up by the throat and throw him." (Second Am. Compl. 3.) Snegirev alleges he repeatedly reported the abuse to Al Bushey and Agafia Snegirev, but Bushey took no action to investigate or remove Snegirev from the home. (Second Am. Compl. 3.)

In addition, within a few months of his placement with the Roberts, Snegirev was prescribed Ritalin, Prozac, Tenex, and Guanfacine. (Second Am. Compl. 3.) Snegirev alleges he was forced to take these medications and informed he had no right to refuse the pharmacological treatment. (Second Am. Compl. 3-4, Ex L at 1.) Snegirev claims he informed the Roberts and Bushey he did not want to take the medications, but he received only verbal threats in response. (Second Am. Compl. 3-4, Ex. L at 1.)

In April 2002, Snegirev was removed from the Roberts' home and placed in the home of Roberts' daughter, Andrea Blake. (Second Am. Compl. 5, Ex. L at 1.) Subsequently, Snegirev was moved to various foster homes, and the foster parents at those homes continued to administer medication. (Second Am. Compl. 5.) One set of foster parents attempted to have Snegirev's medications reduced or discontinued, but were informed by a therapist that discontinuing the medication was not a good idea because of possible withdrawal symptoms. (Second Am. Compl. Ex. L at 2.)

4 -- FINDINGS AND RECOMMENDATION

Snegirev claims the Roberts abused him intermittently until 2002, and he further alleges he suffered various kinds of physical and emotional abuse from various foster providers until he ran away in 2005. (Second Am. Compl. 3-7, Ex. L (*i.e.,* Roberts urinated on him; forced to sit in a ditch; denied adequate nutrition and hydration).) Snegirev charges Bushey was negligent in his case management. Snegirev's wardship was terminated on February 15, 2007. (Second Am. Compl. 9.)

Snegirev turned 19 years of age on August 21, 2008 (Kidd Aff. Ex. 1), and he filed the original Complaint in this case on March 2010, and an Amended Complaint, naming individual defendants, on May 18, 2010.

## *Legal Standard*

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2)(2011). A federal claimant is not required to detail all factual allegations; however, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* While the court must assume that all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party, it need not accept as true any legal conclusion set forth in the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Additionally, a plaintiff must set forth a plausible claim for relief – a possible claim for relief will not do. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009)(quoting *Iqbal,* 129 S. Ct. at 1949).

A motion to dismiss on statute of limitations grounds may be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000) (quotations and citation omitted).

In cases involving a plaintiff proceeding *pro se*, the court construes the pleadings liberally and affords the plaintiff the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) ("[F]ederal courts liberally to construe the 'inartful pleadings' of pro se litigants."). In other words, courts hold *pro se* pleadings to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623-624.

*Discussion*

I.  Marion County's Motion to Dismiss

Marion County moves to dismiss Snegirev's SAC for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Marion County explains "[t]he sole mention of Marion County and the Marion County Board of Commissioners in Plaintiff's Second Amended Complaint appears within the case caption." (Marion County's Mem. Dismiss 2.)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic*, 550 U.S. at 555 (quotations and citation omitted). In "Claim-2" of his SAC, Snegirev charges,

among other things, that "Marion County Child Welfare Division" is liable under 18 U.S.C. § 241, 42.U.S.C. §§ 1983 and 1985, for conspiring to interfere with his federally protected rights and violating his rights under the Fourteenth Amendment. (Second Am. Compl. 10.) These allegations and claims are against the "Marion County Child Welfare Division," which is a state agency, not a department or subdivision of Marion County. (Second Am. Compl. Exs. E and K.) There are no facts alleged that Marion County either violated or conspired to violate Snegirev's federally protected rights. A careful reading of the SAC reveals Snegirev failed to provide any factual allegations or legal theories of recovery against either of the County defendants. Snegirev's SAC fails to allege facts against Marion County sufficient to survive a motion to dismiss. The "grounds" to which Rule 8(a)(2) refers are the facts showing plaintiff is entitled to relief. *Id.*

Nor are Snegirev's claims asserted against the State, including DHS, sufficient to state a claim against Marion County. The State of Oregon and DHS are "state government" entities pursuant to OR. REV. STAT. §§ 174.111 - 174.114. Marion County, on the other hand, is a "local government" distinguishable from the State as provided by OR. REV. STAT § 174.116.

Snegirev's pleading against Marion County does not satisfy even the minimal notice pleading requirements of Rule 8(a)(2) and, thus, cannot survive Marion County's motion to dismiss under Rule 12(b)(6) for failure to state a claim. *See, e.g., Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984) ("A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim.") Accordingly, the SAC against Marion County, including Marion County Board of Commissioners, should be dismissed, without prejudice.

II.   State and Bushey's Motion to Dismiss

  A. *Section 1983: Statute of Limitations*

  The State and Bushey move to dismiss Snegirev's 42 U.S.C. § 1983, claims filed against them alleged in "Claim-2" of the SAC on the ground those claims were filed beyond the relevant two-year limitations period.[4] *See* OR. REV. STAT. § 12.110(1). According to the State and Bushey, all of Snegirev's claims under § 1983 accrued at least eight years earlier, with respect to the Roberts, and five years earlier, with respect to Bushey. Moreover, the State and Bushey contend neither Snegirev's minority status nor his alleged insanity operate to toll the relevant limitations period.[5] Specifically, the tolling for Snegirev's minority status extended, at the latest, until August 21, 2008, when he turned 19 years of age, and his depression and ADHD conditions were not sufficiently debilitating conditions to qualify for tolling by reason of insanity.

---

  [4]In "Claim 2" Snegirev also alleges violations of § 1985. The two-year limitations period set forth in OR. REV. STAT. § 12.110(1) applies to claims under both § 1983 and § 1985. *See McDougal v. County of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991) (personal injury statute of limitations applies to § 1985 action). Accordingly, the court's analysis with respect to the timeliness Snegirev's § 1983 claims, applies with equal force to his claims under § 1985.

  [5]Snegirev also appears to argue the limitations period should be tolled under OR. REV. STAT. § 12.110(4) due to Bushey's allegedly fraudulent conduct. (Second Am. Compl. ¶ 1.) Section 12.110(4) provides a five-year statute of ultimate repose from the date of the alleged treatment, omission, or operation, unless fraud, deceit or misleading misrepresentation prevents timely filing. It is unclear from the SAC, however, which allegations of wrongdoing Snegirev relies upon to toll his the period for filing his section 1983 claims here. Even assuming Snegirev relies upon allegations that Bushey failed to document information relayed to Bushey as the basis for his tolling request, such conduct does not constitute fraud. *See Webb v. Clark*, 274 Or. 387, 391, 546 P.2d 1078 (1976) (nine elements of fraud that plaintiff must plead and prove). Further, there are no allegations that Bushey's actions in allegedly failing to record certain events caused Snegirev to delay filing his original Complaint.

8 – FINDINGS AND RECOMMENDATION

While § 1983 provides a federal cause of action, the court looks to the law of the state in which the cause of action arose for the length of the statute of limitations. Typically, courts use the applicable state law period for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985); *see also Owens v. Okure*, 488 U.S. 235, 240-41 (1989). Under Oregon law, the relevant limitations period is two years. OR. REV. STAT. § 12.110(1); *see, e.g., Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002); *Shepard v. City of Portland*, ___ F. Supp. 2d ___, CV No. 09-0021-AA, 2011 WL 5282607, at *14 (D. Or. 2011) ("It is undisputed that claims made under section 1983 are subject to Oregon's general two year statute of limitations." (citing *Sain*, 309 F.3d at 1139)). In fact, the two-year limitations period for personal injury, rather than the specialized abuse statute, governs § 1983 actions even in instances alleging child abuse. *See Bonneau v. Centennial School Dist. No. 28J*, ___ F.3d ___, No. 10-36070, 2012 WL 75554 (9th Cir. 2012).

A careful review of the record, reveals Bushey's last alleged act occurred sometime before 2005, and Snegirev's wardship terminated in 2007. Snegirev filed his original Complaint in this case on March 17, 2010, and an Amended Complaint naming Bushey, among others, on May 18, 2010, both of those pleadings were filed well beyond the expiration of the two-year limitations period. Thus, in the absence of an applicable tolling provision, Snegirev's claims under section 1983 are untimely.

In his original Complaint, filed in Multnomah County Circuit Court for the State of Oregon, Snegirev asserted two different tolling provisions save his claims here: (1) his minority status, and (2) his debilitating mental conditions. (Compl. at 8.) Because the length of a limitations period and tolling provisions are interrelated, the Supreme Court determined the application of tolling periods are also governed by state law. *See Wilson*, 471 U.S. at 269 ("Only the length of the limitations

9 – FINDINGS AND RECOMMENDATION

period, and closely related questions of tolling and application, are to be governed by state law."); *see also Sain*, 309 F.3d at 1138 ("The tolling rules that we take from state law, consistent with Wilson, are broad tolling rules. Such rules include a would-be litigant's incapacity . . . ." (citations omitted)). Thus, the court looks to Oregon law to determine whether either of the tolling provisions relied upon by Snegirev can preserve his § 1983 claims.

### 1. Tolling Due to Minority Status

Under Oregon law, tolling for minors generally is governed by OR. REV. STAT. §§ 12.160(1) and (2), which provide: "[A] child who is younger than 18 years of age, the statute of limitation . . . is tolled for so long as the person is younger than 18 years of age" but "[t]he time for commencing an action may not be extended . . . for more than five years, or for more than one year after the person attains 18 years of age, whichever occurs first." Because Snegirev was a minor when the alleged incidents occurred, the court will borrow this related tolling statute, which tolls Snegirev's claims until he reached the age of 19. Snegirev achieved 19 years of age on August 21, 2008, but did not file his original Complaint in this case until March 17, 2010, over a year and half beyond the time allowed by the tolling statute. Accordingly, § 12.160 cannot rescue Snegirev's § 1983 claims from his untimely filing.

### 2. Tolling Due to Mental Incapacity

Under Oregon law, tolling for persons who are insane is governed by OR. REV. STAT. § 12.160(3) and (4), which provide: "[I]f . . . at the time the cause of action accrues the person is insane, the statute of limitation for commencing the action is tolled for so long as the person is insane" but "[t]he time for commencing an action may not be extended . . . for more than five years, or for more than one year after the person attains 18 years of age, whichever occurs first." Although

10 – FINDINGS AND RECOMMENDATION

the term "insane" is not defined in the statute, this court defined the term for the purposes of Oregon statutes of limitations in *Hoffman v. Keller*, 193 F. Supp. 733, 735 (D. Or. 1961), and Oregon courts have since adopted the definition. *See Roberts v. Drew*, 105 Or. App. 251, 804 P.2d 503, 504 (1991). "The term 'insane,' as used in statutes extending the time within which to commence an action, 'has been held to mean such a condition of mental derangement as actually to bar the sufferer from comprehending rights which he is otherwise bound to know.'" *Id.* (quoting *Hoffman*, 193 F. Supp. at 735) (internal citations omitted).

Under Oregon law, even if Snegirev was depressed, abusing alcohol, including "blacking out" from alcohol abuse, taking "Mind Altering Medications," or experiencing a "clouded" mind (Compl. at 8-10), and had only transitory periods of lucidity, the statute was not tolled if he was not delusional in his understanding that he has been harmed by Bushey. *See Gaspar v. Vill. Missions*, 154 Or. App. 286, 293-94, 961 P.2d 286 (1998) (plaintiff described by her psychologist as having transitory periods of lucidity found not to be insane under § 12.160 because treatment records show her understanding of defendant's injurious treatment of her was not transitory, as evidenced in part by giving informed consent to psychologist to send letter to defendant confronting him). In fact, to toll a limitations period, Snegirev must establish his mental conditions "*actually barred*" him from knowing Bushey had harmed him. *Id.* at 292 (emphasis in original).

Generally, whether a plaintiff was insane for the purposes of tolling is a question of fact. *See id.* (citing *Roberts*, 105 Or. App. at 255). On the present motion to dismiss, all facts asserted in Snegirev's SAC are treated as true and all inferences are drawn in his favor. *See Watson v. Weeks*, 436 F.3d 1152, 1157 (9th Cir. 2006). Even under this generous standard of review, Snegirev has not

11 – FINDINGS AND RECOMMENDATION

demonstrated he was actually barred by mental incapacity from knowing he was injured by Bushey's actions.

The Complaints filed by Snegirev in this matter demonstrate he recognized the harm inflicted upon him and, consequently, he was not so incapacitated as to invoke the insanity tolling provision. For example, Snegirev alleges specific acts of physical abuse, including punching, shoving, throwing, being kept outside without clothing, and being urinated on by Mark Roberts. Snegirev's actions subsequent to the occurrence of these overt, physical acts further demonstrate he recognized the harm. Specifically, Snegirev contends he reported the challenged conduct to at least six different audiences, including the police, on two separate occasions (Compl. at 4, 6); eight separate passers by (Compl. at 6); the fire department (Compl. at 6); a school principal (Compl. at 4); Bushey (Second Am. Compl. at 13); and employees of his foster parents (Compl. at 7). *See Gaspar*, 154 Or. App. At 291-94 (efforts by plaintiff to avoid and remedy harm is evidence she was not delusional about whether she had been injured). Further, Snegirev alleges he left foster care in order to stop taking medication and otherwise avoid abuse. (Compl. at 8.) *See id.* (plaintiff's action of leaving the church where the abuse took place was some evidence she recognized the harm suffered). Snegirev's Complaints establish he possessed sufficient mental capacity to recognize he was being injured, at the time it occurred, and the alleged perpetrators of that harm. Snegirev's mental incapacity was not so severe as to bar him from knowing the extent of his harm and, consequently, he may not rely on Oregon's insanity tolling provision.

Finally, Snegirev also alleges incapacitation due to "blacking out" from alcohol abuse. Even assuming blackouts and related symptoms of alcoholism could bar Snegirev from knowing the extent of his harm, that condition would not justify application of the insanity tolling provision here. As

12 – FINDINGS AND RECOMMENDATION

alleged, Snegirev's more pronounced symptoms from alcohol use were not present "at the time the action accrued," as required by § 12.160 requires.

In sum, Snegirev was not barred from comprehending his injury due to mental illness. Rather, his Complaints filed in this case demonstrate he recognized his injuries at occurrence, and he both reported the alleged abuse and attempted to advocate for an immediate remedy, including discontinuation of his medications and removal or transfer from various placements made by the State. Snegirev's Complaints establish he knew he was harmed when the alleged injuries were inflicted by Bushey and his foster parents and, therefore, the court finds Snegirev was not insane within the meaning of §12.160(3) during the relevant time period. Snegirev was required to file his claims no later than August 21, 2008, and he failed to do so. *See, e.g., Wallace*, 549 U.S. at 388 (accrual occurs when a plaintiff has "a complete and present cause of action," which means "plaintiff can file suit and obtain relief"); *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000) (A claim accrues under federal law "when the plaintiff knows, or should know, of the injury which is the basis of the cause of action."); *accord T.R. v. Boy Scouts of America*, 205 Or. App. 135, 133 P.3d 353 (2006), *reversed on other grounds*, 344 Or. 282 (2008).

As set forth above, the date for filing a timely complaint passed. Snegirev has not suggested an avenue to cure his SAC to survive dismissal upon further amendment, nor is one apparent to this court. Because allowing an amendment in this instance would be futile, no leave to amend will be granted. *See, e.g., Gadda v. State Bar of Cal.*, 511 F.3d 933, 939 (9th Cir. 2007). Accordingly,

Snegirev's §§ 1983 and 1985 claims set forth in "Claim-2" should be dismissed, with prejudice, as untimely.[6]

### B. Section 1983: Violation of State Law

Snegirev contends DHS refused to provide the voluntary transition services until his court appointed attorney became involved. (Second Am. Compl. at 9.) The State concedes Snegirev's allegations regarding DHS's delay in enrolling him in the Independent Living Program are not barred by the statute of limitations. The State argues instead that such allegations are "mere violations of state law" and cannot form the basis for a cause of action under § 1983.

The rules governing the Independent Living Programs ("ILP") are set forth in the Oregon Administrative Regulations ("OAR"), 413-030-400 to 413-030-0460. Even assuming there was a delay or even neglect on the part of the State in waiting until August 2008 to enroll Snegirev in the ILP, such a "violation" of the OAR, standing alone, does not constitute a deprivation of rights secured by the United States Constitution or federal laws, as required for a § 1983 cause of action. *See Lovell v. Poway Unified School District*, 90 F.3d 367, 370 (9th Cir. 1976) (a violation of state law may not form the basis for a § 1983 action unless it causes the deprivation of a right protected by the Constitution); *accord Christy v. Schrunk*, No. CV 05-1580-HU, 2006 WL 1515549, *10 (D. Or. May 31, 2006) (plaintiff's claims alleging violations of Oregon Constitution, Oregon statutes and Oregon State Bar ethics rules must be dismissed for failure to state a claim under § 1983). Accordingly, Snegirev's § 1983 claim grounded in the State's delay in providing ILP services should be dismissed, with prejudice, for failure to state a claim.

---

[6] Because the court concludes Snegirev's claims under §§ 1983 and 1985 are untimely, it need not reach the other grounds for dismissal propounded by the State and Bushey.

14 – FINDINGS AND RECOMMENDATION

C.   *Section 14141: Private Cause of Action*

In "Claim-3" of the SAC, Snegirev alleges the State is liable under 42 U.S.C. § 14141, for "pattern and practice because Oregon statutory and administrative provisions are unconstitutional." (Second Am. Compl. at 13.) Specifically, Snegirev charges the State allowed him "to be exploited for the purpose[] of receiving federal funding under the Social Security [A]ct Title XIX." (Second Am. Compl. at 13.)

> Section 14141 provides:
>
> (a) Unlawful conduct
>
> It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice
>
> of conduct by law enforcement officers . . . that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.
>
> (b) Civil action by Attorney General
>
> Whenever the Attorney General has reasonable cause to believe that a violation of paragraph (1) has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

42 U.S.C. § 14141. This provision does not grant a private right of action to be pursued by individuals. Rather, it only provides for a civil cause of action brought by the United States Attorney General. 42 U.S.C. § 14141(b) *See, e.g., Gustafson v. City of West Richland*, Nos. CV-10-5040-EFS, CV-10-5058-EGS, 2011 WL 5507201, at *2 (E.D. Wash. Nov. 7, 2011); *Clarke v. Upton*, No. CV-F-07-888-OWW/SMS, 2008 WL 2025079, at *19 (E.D. Cal. May 9, 2008) (§ 14141 "does not provide a private right of action"). Accordingly, "Claim-3" of Snegirev's SAC should be dismissed, with prejudice, for failure to state a claim.

D.  *State Law Claims*

Snegirev asserts several state law tort claims in his SAC, including negligence and fraud. The State and Bushey move to dismiss all of the state law claims on the ground Snegirev failed to comply with the requirements of the Oregon Tort Claims Act ("OTCA") notice provision set forth in OR. REV. STAT. ¶ 30.275.[7] Specifically, the State and Bushey contend Snegirev failed to plead compliance with the notice requirements and, in any event, adequate notice was not given within 270 days of the injury, as required.[8] Alternatively, the State and Bushey argue all of Snegirev's tort claims are untimely because they were filed beyond the applicable limitations period. Because the court determines below that Snegirev failed to comply with the prerequisites to filing tort claims against the State and Bushey, as set forth in the OTCA, it need not reach the alternative question of timeliness.

---

[7]The Oregon Tort Claims Act notice provision, OR. REV. STAT. § 30.275, provides, in relevant part:

> (1) No action arising from any act or omission of a public body or an officer, employee, or agent of a public body . . . shall be maintained unless notice of claims is given as required by this section.
>
> (2) Notice of claim shall be given within the following applicable period of time, not including the period, not exceeding 90 days, during which the person injured is unable to give the notice because of the injury or because of minority, incompetency or other incapacity:
>
> . . . .
>
> (b) for all other claims, within 180 days after the alleged loss or injury . . . .

[8]Although a plaintiff must normally submit a tort claim notice to a public body no later than 180 days after the injury, the statute provides an additional 90 days when the injured person is a minor. OR. REV. STAT. § 30.275(2); *see also Barrington ex rel. Barrington v. Sandberg*, 164 Or. App. 292, 296 n.3, 991 P.2d 1071 (1999).

16 – FINDINGS AND RECOMMENDATION

To maintain a suit against a public body or one of its employees, the OTCA, requires a plaintiff in these circumstances to provide notice to the public body within 270 days after the "alleged loss or injury." OR. REV. STAT. §§ 30.275(1) and (2) (within 270 days of the alleged loss or injury for minors). The 270-day notice period begins to run when "plaintiff knows or . . . should know . . . all three of the following elements exist: an injury occurred, the injury harmed one or more of the plaintiff's legally protected interests, and the defendant is the responsible party." *Benson v. State*, 196 Or. App. 211, 215, 100 P.3d 1097 (2004) (citing *Gaston v. Parsons*, 318 Or. 247, 256, 864 P.2d 1319 (1994)). If plaintiff's knowledge is insufficient to establish one of the three elements, the court is instructed to determine whether the knowledge plaintiff did possess was sufficient to trigger a duty to inquire further. *Benson*, 196 Or. App. at 215 (citing *Greene v. Legacy Emanuel Hospital*, 335 Or. 115, 123, 60 P.3d 535 (2002)). If the duty for further inquiry is triggered, the 180-day period begins to run when reasonable inquiry would discover the missing facts. *Benson*, 196 Or. App. at 215.

The OTCA also requires a plaintiff plead facts sufficient to establish the statutorily imposed notice was given. *Georgeson v. State*, 75 Or. App. 213, 215-16, 706 P.2d 570 (1985). However, failure to plead satisfaction of the notice requirements is typically remedied by granting plaintiff an opportunity to replead. *Georgeson*, 75 Or. App. at 216.

Here, Snegirev did not allege compliance with the OTCA in any of his Complaints, nor is there any evidence in the record he even attempted to satisfy the OTCA's notice requirements. The pleading and proof of notice sufficient to satisfy the requirements of § 30.275 is a mandatory requirement and a condition precedent to recovery under the OTCA. *See Urban Renewal Agency of City of Coos Bay v. Lackey*, 275 Or. 35, 40, 549 P.2d 657 (1976). Moreover, there is no

opportunity for Snegirev to remedy the notice deficiencies in this case because the 270-day period for filing has long expired. Snegirev's claims began to accrue at the time they occurred. *See Doe v. Lake Oswego School District*, 242 Or. App. 605, 614-15, 259 P.3d 27 (2011) (once students knew that the sexual touching had occurred, they knew of the injury so as to trigger running of OTCA's two-year statute of limitations). All of the allegations are well beyond 270 days, even from the date Snegirev filed his original Complaint in state court. Accordingly, Snegirev's state tort claims should be dismissed, with prejudice, for failure to comply with the OTCA.

III.  Claim-1 Against the Roberts

In "Claim-1" of the SAC, Snegirev alleges Mark Roberts and Agafia Snegirev "are li[a]ble under 42.U.S.C. 1983; O.R.S. 12.110 and O.R.S. 12.117 for child abuse." (Second Am. Compl. 9-10.) While the Robertses have not filed a motion to dismiss in this matter, the court is permitted to raise the statute of limitations defense *sua sponte*. *See Levald, Inc. V. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993) (in the absence of waiver, a court may raise the defense of statute of limitations *sua sponte*); *Calhoun v. King County Prosecutors' Office*, No. C07-1758-JLR-JPD, 2008 WL 1324148 (W.D. Wash. April 10, 2008) (court dismisses § 1983 claim *sua sponte* as untimely). As stated above, Snegirev's § 1983 claims accrued at the time of the alleged conduct. All of the allegations of misconduct by the Robertses set forth in Snegirev's SAC occurred prior to 2003, and Snegriev did not file his original Complaint in this case until 2010. Further, as determined above in *Section II.A*, there are no applicable tolling provisions to spare Snegirev's § 1983 claims here. Accordingly, Snegirev's § 1983 claim set forth in "Claim-1" should be dismissed with prejudice, as untimely.

18 – FINDINGS AND RECOMMENDATION

Lastly, with respect to Snegirev's remaining claims under Oregon law for child abuse, the court declines to exercise supplemental jurisdiction over those state claims. Where a district court dismisses "all claims over which it has original jurisdiction," it may, in its discretion, "decline to exercise supplemental jurisdiction" over any pendent state law claims. 28 U.S.C. § 1367(c)(3); *see also Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, ___, 129 S. Ct. 1862, 1866 ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.") In this instance, the court declines to exercise supplemental jurisdiction over Snegirev's remaining state law claims and those claims should be dismissed, without prejudice.

*Recommendation*

Based on the foregoing, Marion County's Motion to Dismiss (doc. #36) should be GRANTED. Accordingly, all claims against Marion County and the Marion County Board of Commissioners should be DISMISSED. Moreover, the State and Bushey's Motion to Dismiss (doc. # 10) should be GRANTED. Accordingly, Claim 2 and Claim 3 of Snegirev's Second Amended Complaint should be DISMISSED, with prejudice. Finally, Snegirev's claim pursuant to 42 U.S.C. § 1983 set forth in Claim 1 of his Second Amended Complaint should be DISMISSED, with prejudice, and Snegirev's state law claims should be DISMISSED, without prejudice. Accordingly, Snegirev's Second Amended Complaint should be DISMISSED, and all remaining motions should be DENIED as moot.

*Scheduling Order*

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due **February 14, 2012**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 31st day of January 2012

John V. Acosta
United States Magistrate Judge